UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Farm Credit Leasing Services Corporation,

     Plaintiff,     Case No. 19-cv-1022 (MJD/TNL)

v.

              **ORDER**

Frank Farrar,

     Defendant.

---

Benjamin J. Court and Kevin P. Kitchen, Stinson Leonard Street LLP, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402 (for Plaintiff); and

Brad A. Sinclair and John M. Krings, Jr., Kaler-Doeling, PLLP, 3429 Interstate Boulevard South, Fargo, ND 58103 (for Defendant).

---

This matter is before the Court on Plaintiff Farm Credit Leasing's Motion for an Order for Seizure and Delivery of Property (ECF No. 5). For the reasons set forth below, the Court will grant the motion in part and deny it in part.

I. **FACTUAL BACKGROUND**

On April 12, 2019, Plaintiff filed a complaint against Defendant, alleging a claim of unjust enrichment and a claim for delivery pursuant to Minnesota Statutes sections 565.21, *et seq.* and Federal Rule of Civil Procedure 64. (ECF No. 1, pp. 6-7). The complaint relates to a lease agreement the parties entered into regarding a 2013 Bron Self-Propelled Drainage Plow ("Plow"). (ECF No. 1, p. 2).

1

Shortly after filing the complaint, Plaintiff moved for an order of seizure and delivery of the plow. (ECF No. 5). Plaintiff seeks a court order requiring Plaintiff to surrender the Plow or permitting law enforcement to enter any property where the Plow may be located and take possession of it. Plaintiff further requests that it be permitted to immediately sell or dispose of the Plow and indicates it will post a bond of $360,000, which is 1.5 times the value of the Plow.

On July 22, 2014, the parties entered into a lease agreement by which Defendant agreed to take possession of the plow, keep it at a certain address, and use it for his trade and business. (ECF No. 10, pp. 2-3). Defendant further agreed to make 60 monthly payments of $9,542.05 for the Plow. (ECF No. 10, p. 4). The agreement provided that if Defendant defaulted on the lease, Plaintiff could take immediate possession of the Plow and sell it, lease it, or otherwise dispose of it. (ECF No. 10, p. 3-4).

Defendant failed to make the monthly payments required under the terms of the lease. (ECF No. 10, p. 5). Plaintiff issued a notice of default and notice of acceleration after Plaintiff failed to cure. (ECF No. 10, pp. 5-6). The current value of the plow is approximately $240,000. (ECF No. 6). The plow is located currently "in a field in a rural area near Morris, Minnesota." (ECF No. 10, p. 5).

Defendant concedes that he has defaulted under the terms of the lease and that he is liable for any remaining deficiency. (ECF No. 13, pp. 1-2). He further admits that he allowed a third party to use the Plow and that he does not know where it is. (ECF No. 13, p. 1). Defendant indicates that the third party has not cooperated with him in providing the Plow's location. (ECF No. 13, p. 1). He also concedes that Plaintiff is entitled to sell or

otherwise dispose of the Plow. (ECF No. 13, p. 1). Finally, he asks that the Court grant the relief Plaintiff seeks and that the Court not require Plaintiff to post a bond in this matter. (ECF No. 13, p. 2).

## II. ANALYSIS

In certain cases, Minnesota law permits a claimant to recover property after service of a summons and complaint, but before final judgment is entered. Minn. Stat. § 565.23, subd. 1. To recover property before entry of a final judgement, the claimant must file an affidavit identifying: (1) the particular property to be recovered; (2) the facts giving rise to claimant's right of possession; (3) the facts showing the respondent is wrongfully detaining the property; (4) the date and original amount of any obligation for which the property was offered as security; (5) if appropriate, the specific contractual provision the claimant breached; and (6) a good faith approximation of the current market value of the property. *Id*. at subd. 1(a)-(f). The Court must order seizure and delivery to the claimant if the claimant demonstrates "a probability of success on the merits" and posts the appropriate bond. Minn. Stat. § 565.23, subd. 3. The Court may not, however, order seizure of property before entry of a final judgment if the respondent shows: (1) a fair defense to the merits of the claim; (2) that his or her interests cannot be protected by the bond filed by claimant; and (3) the harm suffered by the respondent would be greater than the harm suffered by the claimant. *Id*. at subd. 3(a)-(c). Under Federal Rule of Civil Procedure 64, the remedies authorized by Minnesota Statute section 565.23 are also available to federal courts.

Plaintiff's affidavit (ECF No. 10) complies with Minnesota Statute section 565.25. In addition, given Defendant's concessions regarding his default in this matter, there can

be no dispute that Plaintiff has demonstrated a probability of success on the merits of its claim. Plaintiff has also demonstrated that it faces irreparable harm if an order for seizure and delivery is not issued. Plaintiff is therefore entitled to relief.

The Court will not, however, grant Plaintiff's motion in its entirety. Plaintiff seeks an order permitting law enforcement to enter any property where the Plow may be located and to then take immediate possession of it. In similar cases in this district, courts have issued orders permitting law enforcement to enter property only when there is probable cause to believe the equipment is located on that property. *See, e.g.*, *CNH Indus. Capital Am. LLC v. Richland Farms P'ship*, No. 18-cv-2537 (PJS/DTS), 2018 WL 5785954, at *1 (D. Minn. Nov. 5, 2018); *CNH Indus. Capital Am. LLC v. Johnson*, No. 18-cv-2795 (PJS/DTS), 2018 WL 5784926, at *1 (D. Minn. Nov. 5, 2018). Under the circumstances, particularly because the Court will authorize law enforcement to enter any building or enclosure if necessary to take the property, the Court is not willing to grant Plaintiff a blanket order to seize the Plow from *any* property. Instead, the Court will authorize law enforcement only to seize the Plow from Defendant's residence, place of business, or field near Morris, Minnesota that Plaintiff identified in its affidavit. The Court will further permit Plaintiff, should it obtain information to believe the plow is located elsewhere, to reapply for an order permitting law enforcement to enter that property and seize the Plow.

Nothing in this Order should, however, be interpreted to prohibit Plaintiff from taking any other steps to demand the return of the Plow from wherever it may be located. Any person in possession of the Plow is required to surrender it to Plaintiff or its agent

4

immediately. Should that person not cooperate with surrendering the Plow, Plaintiff is free to seek whatever reasonable relief it wishes from the Court.

## III. CONCLUSION

Therefore, based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff Farm Credit Leasing's Motion for an Order for Seizure and Delivery of Property (ECF No. 5) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendant, or any other person in possession of it, shall surrender the 2013 Bron Self-Propelled Drainage Plow, model number 550, serial number 13M01164 to Plaintiff or law enforcement. If the Plow is surrendered to law enforcement, it shall be immediately delivered to Plaintiff.

    b. If the Plow is not surrendered, law enforcement may enter Defendant's residence, place of business, or the field near Morris, Minnesota identified by Plaintiff, demand disclosure of the Plow, take immediate possession of it, and deliver it to Plaintiff.

    c. Defendant shall cooperate with Plaintiff and law enforcement in identifying the location of the Plow and in ensuring its timely surrender.

    d. If the Plow is concealed in a building or elsewhere on Defendant's residence, place of business, or in the field near Morris, Minnesota and a public demand made by law enforcement for its delivery is refused or there is no response, law enforcement shall cause the building or enclosure to be broken open and shall take the Plow therefrom.

    e. Should Plaintiff determine the Plow is located at an address other than Defendant's residence, place of business, or the field near Morris, Minnesota, then Plaintiff may reapply to the Court for an order compelling law enforcement to assist with the taking of the Plow if necessary. Should Plaintiff do so, Plaintiff must submit an affidavit or documentation establishing why it believes the Plow is located at that address.

    f. Plaintiff is authorized to sell or otherwise dispose immediately of the Plow as set forth in the lease agreement, pending a final decision on the merits of this matter. Plaintiff shall provide Defendant notice of the right to redeem and payoff for the Plow prior to sale, as well as notice of the method and manner of sale and date of sale.

    g. Plaintiff is not required to post a bond in this matter, due to the agreement of Defendant.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: May 3, 2019                                        *s/ Tony N. Leung*
                                                                       Tony N. Leung
                                                                       United States Magistrate Judge
                                                                       District of Minnesota

                                                                       *Farm Credit Leasing Services Corp v. Farrar*
                                                                       Case No. 19-cv-1022 (MJD/TNL)